**Billy Frank BAILEY, Petitioner,**

v.

**Warden Ray H. PAGE and the State of Oklahoma, Respondents.**

**No. A–14429.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1967.

Billy Frank Bailey, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which petitioner, Billy Frank Bailey, seeks his release from confinement in the State Penitentiary where he is currently confined by virtue of a judgment and sentence rendered against him in the District Court of Oklahoma County, Case No. 30955, assessing his punishment at 10 years imprisonment. Petitioner was to serve one and one-half years of said sentence and thereafter be released on probation. Petitioner served said one and one-half years under inmate #72577, and thereafter was released. The suspended portion of his judgment and sentence of eight and one-half years was thereafter revoked and petitioner was recommitted to the Oklahoma State Penitentiary and rebilled as inmate #75095.

It is petitioner's contention that when he was rebilled in the penitentiary under other than inmate #72577, this amounted to him serving two sentences for but a single offense. A similar contention was presented to the Honorable Robert Bell, District Judge in and for Pittsburg County, who denied relief. We here adopt the opinion of Judge Bell wherein he stated:

"The petitioner says that he is illegally restrained of his liberty because on September 8, 1965 he received a ten year sentence for Robbery, with the last eight and one-half years to be suspended; that he served this one and one-half years as #72577 and was released April 28, 1966. Apparently the suspended sentence was revoked on March 6, 1967, and petitioner was sent back to serve the remainder of the ten year term. He was booked in under #75095 to serve the eight and one-half year sentence. He contends he was convicted of but one crime, therefore he should be released.

A check with the Records Office discloses that as to the dates the circumstances set forth are true. However, when petitioner came back to serve the last eight and one-half years, even though he was given a new number, there is a notation on his file that he has served one and one-half years of the ten year sentence under #72577. He has been convicted of but one crime, but when the sentence was revoked the remainder of the time had to be served.

It is barely conceivable that there would be a few days difference in a man serving a ten year sentence, and serving a one and one-half year sentence and a sentence of eight and one-half year's duration, but even so, it wouldn't entitle petitioner to his release at this time. From a practical viewpoint it is not likely it would make any difference because under his first number, petitioner would have received his jail time, as he was a first offender. Otherwise he is not entitled to it.

In conclusion, merely changing a man's number does not mean he is serving his second term, and the notation on petitioner's record adequately protects him in this respect.

The Petition for Writ of Habeas Corpus is summarily denied.

Dated this 28th day of August, 1967."

The writ prayed for is accordingly denied.

Writ denied.

NIX, P. J., and BRETT, J., concur.